LAURA L. CRANE, Bar No. 238246
Deputy County Counsel
MICHELLE D. BLAKEMORE, Bar No. 110474
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, California 92415-0140
Telephone: (909) 387-5449
Facsimile: (909) 387-4069
E-Mail: laura.crane@cc.sbcounty.gov

Attorneys for Defendant County of San Bernardino

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERY GASPARD, et al.,<br><br>Plaintiff,<br><br>v.<br><br>DEA TASK FORCE, et al.,<br><br>Defendants. | Case No. 5:15-cv-01802-VBF-KES<br>Consolidated with 5:16-cv-02290-VBF-KES<br><br>DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREFORE<br><br>Hearing<br>Date: May 19, 2020<br>Time: 10 a.m.<br>Place: Courtroom 6D, 411 West 4th St., Santa Ana, CA 92701<br><br>Filed with:<br>1. Statement of Uncontroverted Facts and Conclusions of Law<br>2. Declaration of Laura Crane<br>3. Proposed Judgment |

COUNTY'S MOTION FOR SUMMARY JUDGMENT

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT that on May 19, 2020 at 10:00 a.m. in Courtroom 6G located at 411 West 4th Street, in the City of Santa Ana, before the Honorable U.S. Magistrate Judge Karen E. Scott, defendant County of San Bernardino will and hereby does move for summary judgment on the First Amended Complaint filed in case number 5:16-cv-02290-VBF-KES ("Gaspard II"), pursuant to Federal Rules of Civil Procedure, Rule 56, on the ground that Plaintiff cannot meet his burden of establishing the County violated the American's With Disabilities Act.

This motion will be based on this notice of motion and motion, the attached memorandum of points and authorities, and the concurrently filed declaration of Laura Crane with related exhibits and Statement of Uncontroverted Facts and Conclusions of Law. This motion is made following notice to Plaintiff of Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56-1 given by this Court in March 2018.

## COMPLIANCE WITH LOCAL RULE 7-3

Although this court excused the parties from compliance with Local Rule 7-3 (Gaspard I, Dkt. 176), the parties nevertheless engaged in a conference of counsel on March 12, 2020.

Respectfully submitted,

Dated: March 20, 2020

MICHELLE D. BLAKEMORE
County Counsel

By:    /s/ Laura L. Crane
LAURA L. CRANE
Deputy County Counsel
Attorneys for Defendant County of San
Bernardino

1

## I.    INTRODUCTION

Plaintiff Amery Gaspard is disabled and occasionally requires a walker or wheelchair to ambulate. Plaintiff claims he fell in the shower at a County of San Bernardino jail because it was slippery. Plaintiff admitted in deposition he did not have problems in the three weeks before he fell and did not notify County jail staff that the shower was slippery. Plaintiff's caretaker testified Plaintiff did not need accommodations in the shower before his fall. Consequently, Plaintiff cannot establish the County prevented Plaintiff from accessing the jail showers or acted with a deliberate indifference toward his disability resulting in a violation of the American's With Disabilities Act.

## II.    PROCEDURAL HISTORY

### A.    GASPARD I

The within matter consists of two actions: Case number 5:15-cv-01802-VBF-KES ("Gaspard I"), and case number 5:16-cv-02290-VBF-KES ("Gaspard II").

Gaspard I was filed on September 3, 2015 (Gaspard I, Dkt. 1.) Gaspard I alleged the County and other defendants conspired to falsely detain and arrest Mr. Gaspard. (*Id.* ¶ 35.) The County successfully moved to dismiss the First Amended Complaint. (Gaspard I, Dkt. 66.) On November 4, 2016, judgment was entered in favor of the County as to Gaspard I. (Gaspard I, Dkt. 120.) The judgment was affirmed by the Ninth Circuit. *Gaspard v. DEA Task Force*, 698 F. App'x 382, 383 (9th Cir. 2017). Plaintiffs' petitions for rehearing en banc and for a writ of certiorari were denied. (*Gaspard v. DEA Task Force,* No. 16-56589 (9th Cir.), Dkt. 39 & 45.)

### B.    GASPARD II

Gaspard II was filed while Gaspard I was pending in the Ninth Circuit. The First Amended Complaint alleges a single cause of action against the County of San Bernardino for violation of the American's With Disabilities Act.  (Gaspard II, Dkt. 28, ¶ 48.)

1

COUNTY'S MOTION FOR SUMMARY JUDGMENT

## III.    STATEMENT OF FACTS

For the past 30 years, Plaintiff has used either a walker or a wheelchair to ambulate. (Deposition of Amery Gaspard, attached as Exhibit A to the concurrently filed Declaration of Laura Crane ["Gaspard Depo."], pp. 24:14-25:14.) In his First Amended Complaint, Plaintiff alleges that "[w]ithin 30 days of Plaintiff Gaspard's March 5, 2013 arrest, Plaintiff was held at the West Valley Detention Center….[H]e was deprived of a cane or walker. When he was taking a shower, he fell on the floor…" (Gaspard II, Dkt. 28, ¶ 48.)

Through discovery, Plaintiff learned that his fall actually occurred on October 24, 2013, approximately three weeks after he was booked into the West Valley Detention Center. (Gaspard Depo. pp. 28:1-28 & 40:1-3.) At the time of his booking, Plaintiff was allowed to keep his wheelchair and was placed in a lower bunk on a lower tier to accommodate his disability. (*Id.* p. 39:2-7.)

On October 24, 2013, Plaintiff entered the shower and "[i]t was extremely slick in there from the guy that just came out…" (Gaspard Depo. p. 42:11-22.) Plaintiff had never previously seen the shower so slick. (*Id.* p. 42:23-25; 43:23-44:1.) Plaintiff did not request assistance prior to entering the shower because the slickness was not noticeable until he turn on the water and fell approximately 30 seconds later. (*Id.* p. 44:2-12.) Plaintiff contends the County should have prevented this unexpected fall by providing him with a shower that included a shower railings or a chair. (*Id.* p. 44:13-20.)

## IV.    ARGUMENT

The Americans with Disabilities Act ("ADA") provides "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1); *Daubert v. Lindsay Unified Sch. Dist.*, 760 F.3d 982, 985 (9th Cir. 2014). The ADA consists of three titles. *Daubert*, 760 F.3d at 985. Title II covers local governments offering public services, programs, or activities. *Id.*

2

Title II of the ADA requires local governments ensure that "qualified individual[s] with a disability" are not "excluded from participation in or …denied the benefits of the services, programs, or activities of a public entity," or otherwise "subjected to discrimination by any such entity" because of their disability. 42 U.S.C. § 12132. To state a cause of action for violation of Title II, the plaintiff must prove: "(1) [he] is an individual with a disability; (2) [he] is otherwise qualified to participate in or receive the benefit of a public entity's services, programs, or activities; (3) [he] was either excluded from participation in or denied the benefits of the public entity's services, programs or activities or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of [his] disability." *Daubert*, 760 F.3d at 985 quoting *Sheehan v. City & Cty. of San Francisco*, 743 F.3d 1211, 1232 (9th Cir. 2014) (alterations in original). To establish the County's action caused the Plaintiff harm, the Plaintiff must prove that the County acted with a deliberate indifference by knowing "a harm to a federal protected right [was] substantially likely, and [] failed to act upon that …likelihood." *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001).

Plaintiff does not allege and cannot prove a violation of ADA because he was not deprived of a service, program, or activity. By Plaintiff's own allegations, he had access to the jail's showers.

Plaintiff also cannot establish the County acted with deliberate indifference resulting in his harm. Plaintiff admitted in deposition he used the jail's shower for three weeks without incident. (Gaspard Depo. p. 42:23-25, 43:23-44:1.) Plaintiff's fiancé and caretaker testified he used the shower at home without assistance prior to his fall. (Deposition of Yvonne Hrindich attached as Exhibit B to the concurrently filed Declaration of Laura Crane, p. 7:11-16; 42:21-43:2; 44:8-9.) Plaintiff therefore cannot establish the County had reason to know he needed accommodation in the shower.

The specific events that lead to Plaintiff's injury were also unknown to the County. Plaintiff had never previously seen the shower slick and did not request

3

assistance prior to using the shower. (Gaspard Depo. pp. 42:23-25, 43:23-44:12). Thus, Plaintiff cannot prove by a preponderance of the evidence that the County knew a harm was substantially likely and failed to act.

## V.    CONCLUSION

Plaintiff cannot meet his burden to provide a violation of the ADA. The County therefore requests summary judgment in its favor.

Respectfully submitted,

Dated: March 20, 2020

MICHELLE D. BLAKEMORE
County Counsel

By:    /s/ Laura L. Crane
LAURA L. CRANE
Deputy County Counsel
Attorneys for Defendant County of San Bernardino

COUNTY'S MOTION FOR SUMMARY JUDGMENT

# PROOF OF SERVICE

I am employed in the County of San Bernardino, State of California. I am a citizen of the United States, employed in the County of San Bernardino, State of California, over the age of 18 years and not a party to nor interested in the within action. My business address is 385 North Arrowhead Avenue, Fourth Floor, San Bernardino, CA 92415-0140.

On March 21, 2020, I served the following documents (*specify*): DEFENDANT COUNTY OF SAN BERNARDINO'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREFORE; DECLARATION OF LAURA CRANE IN SUPPORT OF COUNTY'S MOTION FOR SUMMARY JUDGMENT; EXHIBITS A AND B; SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW AND [PROPOSED] JUDGMENT

I served the documents on the persons below, as follows:

| | |
|---|---|
| Amery Gaspard | Yvonne Hrindich |
| 1001 3rd Street, Space 35 | 1001 3rd Street, Space 35 |
| Calimesa, CA 92320-1231 | Calimesa, CA 92320-1231 |
| T: (909) 705-7275 | T: (909) 705-7275 |
| **Plaintiff in Pro Se** | **Plaintiff in Pro Se** |

The documents were served by the following means:

☒ **By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Bernardino, California.

I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

*/s/ Pamela Bell*
PAMELA BELL, Declarant

1

PROOF OF SERVICE